PER CURIAM:
This claim was originally filed against the Department of Welfare, but when the testimony revealed that the respondent agency had been renamed the Department of Human Services, the Court, on motion of the parties, amended the style of the claim to reflect that fact.
*64 Claimant is the lessee of a building located on South High Street in Morgantown, Monongalia County, West Virginia. On June 18, 1980, claimant entered into an agreement with respondent to sublease to respondent 6,764 square feet, out of a total 12,000 square feet, for use as office space. Respondent occupied that portion of the building from July 1, 1980, until August 1, 1982. After respondent vacated the premises, claimant alleges that the carpeting in the building was damaged beyond that of normal wear and tear, and that a portion of a suspended ceiling, which had been removed to accommodate a file retrieving machine, had been damaged and required replacement. He also alleged damage to part of a drywall partition.
Photographs introduced by the claimant show that some of the carpeting was badly stained, and this was admitted by Nancy C. Cor-rothers, who was the office manager. Claimant and Ms. Corrothers both stated that soft drinks were the source of many stains. A soft drink machine was located in the waiting room area. Claimant testified that a portion of the carpet would have to be replaced and the rest required cleaning.
There was also photographic evidence of the damaged drywall partition and the removal of a portion of the ceiling. Mrs. Corrothers testified she did not recall the damaged drywall partition and was not sure where all of the ceiling tile was stored. Jeffrey G. Smith, field supervisor for the West Virginia Department of Employment Security, which occupied the other portion of claimant’s building, testified that he viewed the respondent’s part with claimant and did recall the damaged drywall partition.
The evidence presented indicated that claimant’s building suffered damages beyond that of normal wear and tear, and that claimant is entitled to compensation.
An estimate of $632.04 for the replacement of 52.67 square yards of carpeting was admitted into evidence. An estimate of $1,400.00 for cleaning the total area of carpeting (at $0.20 per square foot) was also presented. Deducting the amount of square footage to be replaced leaves $1,257.99 for carpet cleaning. Claimant estimated the replacement cost for materials and labor for the drywall partition and ceiling tile at $395.00 for which the Court is disposed to allow $150.00. The foregoing allowances total $2,040.03.
Award of $2,040.03.